FILED'09 AUG 13 0753 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY L. BURK, SR.,

        Petitioner,        Civil No. 08-1359-CL

        v.        REPORT AND RECOMMENDATION

MARK NOOTH,

        Respondent.

CLARKE, Magistrate Judge.

Petitioner is an inmate in the custody of the Oregon Department of Corrections (ODOC) pursuant to the Amended Judgment of Conviction and Sentence, dated May 25, 2004, from Washington County Circuit Court Case No. CO31934CR, after convictions for Sexual Abuse in the First Degree (six counts), Sexual Abuse in the Third Degree (three counts), and Tampering with a Witness. Respondent's Exhibit 101. Following a no contest plea, the court sentenced petitioner to a total of 162 months imprisonment. Id.

Petitioner did not directly appeal his conviction.

1 - REPORT AND RECOMMENDATION

Petitioner filed a petition for post-conviction relief, but the court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. The appellate judgment issued on January 16, 2009. Respondent's Exhibit 103.

On November 17, 2008, petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254.[1]

Respondent moves to deny petitioner's claims and dismiss this proceeding on the ground it was not filed within the time prescribed by 28 U.S.C. § 2254. Answer (#9) p. 2, and Response (#8).

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) which became effective on April 14, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing a federal habeas corpus petition. Under § 2244(d), a petitioner now has one year from the date a direct appeal is final to file a petition under 28 U.S.C. § 2254. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after finality and before collateral filing, and time after the final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

---

[1] At the time petitioner filed his federal petition, his state post-conviction appeal was pending. Petitioner's state PCR proceeding concluded on January 16, 2009. See, Response (#8) p. 1. For the reasons set forth herein, this jurisdictional issue is immaterial to the appropriate disposition of petitioner's claims.

2 - REPORT AND RECOMMENDATION

The judgment on the convictions challenged in this proceeding was entered into the register on May 27, 2004. Respondent's Exhibit 101. Even though petitioner did not directly appeal his convictions, pursuant to ORS 19.255(1) he had 30 days from the entry of the judgment to do so. Therefore, an additional 30 days should be added to the date of the trial court judgment, or June 28, 2004.

Pursuant to Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999), criminal convictions are not final until the time has elapsed for seeking certiorari in the U.S. Supreme Court. In this case, however, petitioner could not have sought certiorari in the U.S. Supreme Court because he did not first petition the Oregon appellate courts. See, 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered *by the highest court of a State in which a decision could be had* , may be reviewed by the Supreme Court by writ of certiorari..."). Thus, petitioner is not entitled to the 90 extra days that habeas petitioners normally have to seek *certiorari* in the Supreme Court when they have properly presented federal claim to the state's appellate courts.

Thus, petitioner had one year from June 28, 2004, excluding any time during which a state post-conviction case, or other collateral remedy, was pending, to file a federal habeas corpus petition.

Petitioner signed a petition for post-conviction relief

3 - REPORT AND RECOMMENDATION

(Respondent's Exhibit 102) on October 10, 2005, but the court denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. The appellate judgment issued on January 16, 2009. Respondent's Exhibit 103.

Between June 28, 2004, the latest date on which petitioner could have filed a notice of appeal with the Oregon Court of Appeals, and October 10, 2005, the date on which petitioner signed the petition for post conviction relief, 469 days accrued, which exceeds the 365 days provided under the federal statute.

Under some circumstances, the limitations period may be waived under the doctrine of Equitable tolling. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2254(d)(1) limitations period, a petitioner must demonstrate that extraordinary circumstances beyond the prisoner's control made it impossible to file the petition on time. Allen v. Lewis, 255 F.3d 798, 799 (9th Cir. 2001); see also, Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

In this case, petitioner has not alleged any circumstances that would establish entitlement to tolling of the limitations period.

Based on the foregoing, petitioner's petition (#2) should be denied on the ground that it was not timely filed. Because the statute of limitations issue is dispositive, it is not

4 - REPORT AND RECOMMENDATION

necessary to address the other issues raised in respondent's Response.

This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 12 day of August, 2009.

Mark D. Clarke
United States Magistrate Judge

5 - REPORT AND RECOMMENDATION